UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re

VISTA BELLA, INC.                                            Case No. 11-00149-MAM-7

Debtor

**ORDER GRANTING PETITIONING CREDITORS' REQUEST FOR AN
ORDER FOR RELIEF AND DENYING REQUEST FOR ABSTENTION**

William M. Lyon, Jr., Attorney for Petitioning Creditors, Mobile, AL
Adam Milam, Attorney for Petitioning Creditors, Fairhope, AL
Christopher T. Conte, Attorney for Alleged Debtor, Mobile, AL
Mark H. Taupeka, Attorney for Alleged Debtor, Bay Minette, AL

This case is before the Court on the trial of the issue of whether an order for relief should be entered in the case against Vista Bella, Inc., pursuant to 11 U.S.C. § 303(h) and based upon the involuntary filing by petitioners Thurmon Bell, The Lemoine Company of Alabama, LLC, Washer Hill Lipscomb Cabaniss Architecture, LLC, and William P. Condon. The alleged debtor asks that the Court abstain from handling the case pursuant to 11 U.S.C. § 305(a). The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons set forth below, the Court is granting petitioners' request for an order for relief and denying the alleged debtor's request for abstention.

**FACTS**

The parties agreed that the facts stated in the Petitioning Creditors' Trial Brief under "Background/Undisputed Facts" were to be taken as true for purposes of this ruling. The Court also incorporates as facts the description of the pending state court lawsuits involving the

1

Case 11-00149    Doc 91    Filed 08/30/11    Entered 08/30/11 17:07:40    Desc Main
Document    Page 1 of 5

petitioning creditors, the alleged debtor, Vista Bella, Inc., and related parties set out at pages 3-9 of Vista Bella's Brief. The lawsuits are more fully described in both parties' exhibits as well. The Court also takes as fact that there are at least 12 creditors and their debts total at least $10,000,000. Vista Bella has ceased all business operations. It has a bank account(s) with about $2000 in it.

## LAW

### A.
### Section 303

Section 303(h) of the Bankruptcy Code requires that the petitioning creditors prove:

(1) The debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or

(2) Within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

There has been no custodian appointed so section 303(h)(2) does not apply. The debtor offered no evidence contesting the petitioning creditors' assertion that Vista Bella is not paying its debts as due. In fact, the debtor is not operating and generating revenue and has only $2000 in liquid assets. Therefore, section 303(h)(1) grounds for relief have been proven by a preponderance of the evidence by the petitioning creditors. Entry of an order for relief is proper under the facts.

### B.
### Section 305

Section 305 of the Bankruptcy Code deals with abstention. Abstention can result in a court either dismissing a case or suspending all proceedings in a case, even if jurisdiction is otherwise appropriate. 11 U.S.C. § 305(c); 2 Alan N. Resnick & Henry J. Sommer, COLLIER ON

BANKRUPTCY ¶ 305.02 (16th ed. 2011); *In re Macke Intern.Trade, Inc.*, 370 B.R. 236, 246 (B.A.P. 9th Cir. 2007). Vista Bella asserts that the Court should abstain from its case, even if an order for relief is proper, because abstention would be in the best interests of all parties. Vista Bella must prove by a preponderance of the evidence that "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a) (1). "[A]bstention is an extraordinary remedy that should be used sparingly." Resnick & Sommer, *supra*, at ¶ 305.02; *In re Schur Mgmt. Co., Ltd.,* 323 B.R. 123, 129 (Bankr. S.D.N.Y. 2005). "The burden of proof is upon the party seeking abstention and it is substantial." *In re Sherwood Enterprises, Inc.*, 112 B.R. 165, 168 (Bankr. S.D. Tex. 1989).

Vista Bella asserts that there is no need for the bankruptcy. There are no assets or business for a trustee to administer. The litigation in state court involves strictly state law claims and can and should go forward there with no bankruptcy court intervention necessary. In fact, only one of the state law suits even involves the debtor—RBL, LLC v. Vista Bella, Inc., C. Thurmon Bell, The Lemoine Company of Alabama, et al. (Circuit Court of Baldwin County – CV-2009-900826). The petitioning creditors assert that there is one important asset that Vista Bella owns—a possible cause of action for fraudulent transfer under federal or state law against Robert Shallow and possibly other parties. Vista Bella would also have a right to answer in the pending interpleader action cited above and seek relief. The petitioning creditors estimate that Vista Bella could recover $2,000,000- $3,000,000 for the benefit of creditors.

In order to abstain, the Court would need to conclude that both Vista Bella and the creditors are best served by the dismissal or suspension of the case. The facts do not lead to this conclusion. The Court cannot say that the possibility of a significant recovery by the trustee is not in the best interests of the creditors. The creditors would be better served if such a recovery

3

was made. If the trustee, after an in depth review of the facts and law, decides not to pursue the litigation, that would best serve Vista Bella and the creditors by putting to rest some of the disputes between them.

Courts sometimes abstain if there is a two-party dispute between the debtor and the only significant creditor. *In re Rookery Bay, Ltd.*, 190 B.R. 949 (Bankr. M.D. Fla. 1995) (holding that abstention was proper where there was a two-party dispute). A bankruptcy overlaid on such a dispute adds little or nothing to the issues and results in more costs. *In re P & G Realty Corp.*, 157 B.R. 239, 242 (Bankr. W.D. Pa. 1993). As the Court understands the facts in this case, although Thurmon Bell and The Lemoine Company have the bulk of the debt, there are other creditors who will benefit if a recovery is made. The Court, based upon the facts presented, is assuming that Bell and The Lemoine Company do not have liens which secure all possible recoveries. If Bell and The Lemoine Company are unsecured creditors who will share pro rata with the other creditors, then this case is not a two-party or limited party dispute. However, if the Court is incorrect in its assumption, and Bell and The Lemoine Company will assert a secured claim against any recoveries made by a trustee, then the dispute is like the cases in which courts have abstained. The trustee would not be performing a service for the benefit of anyone except those already litigating against each other and there would be no funds to pay the trustee either. *Rookery,* 190 B.R. at 950-51; *P & G Realty Corp.*, 157 B.R. at 242-43; *In re Deacon Plastics Mach., Inc.*, 49 B.R. 982, 983-84 (Bankr. Mass. 1985). However, the Court has no facts before it showing that the two largest creditors are secured in all recoverable assets.

Therefore, it is ordered that:

4

1. An order for relief shall be entered against Vista Bella, Inc.; and

2. The request of the debtor, Vista Bella, Inc., for abstention is DENIED.

Dated:   August 30, 2011

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE

5