UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

VISTA BELLA, INC.,                                   Case No.: 11-00149-MAM-7

      Vista Bella.

**ORDER GRANTING VISTA BELLA'S AMENDED MOTION FOR APPROVAL OF EMPLOYMENT OF PROFESSIONAL PERSON FOR SPECIAL PURPOSE**

Christopher T. Conte and Mark H. Taupeka, Attorneys for Vista Bella, Inc., Mobile, Alabama
Lynn Harwell Andrews, Chapter 7 Trustee, Mobile, Alabama
C. Michael Smith, Attorney for the Trustee, Mobile, Alabama

This case is before the Court on the Trustee's Motion for Approval of Employment of Professional Person for Special Purpose. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Trustee's Motion for Approval of Employment of Professional Person for Special Purpose is GRANTED.

FACTS

The Debtor Vista Bella Inc. ("Vista Bella") was incorporated in March of 2005 to develop condominiums in Orange Beach, Alabama. On January 18, 2011, Vista Bella was the subject of an involuntary Chapter 11 petition. The petitioning creditors were C. Thurmon Bell ("Bell"), The Lemoine Company of Alabama, LLC ("Lemoine"), and Earnest P. Breaux Electrical, Inc. Upon Breaux's withdrawal, William P. Condon and Washer Hill Lipscomb Cabaniss Architecture, LLC joined the other petitioning creditors. The Court held a hearing

1

regarding the involuntary petition and on August 30, 2011 converted this case from a case under Chapter 11 to one under Chapter 7 of the Bankruptcy Code.

On March 15, 2012, the Chapter 7 Trustee filed a motion requesting approval to appoint attorney William M. Lyon, Jr. ("Mr. Lyon") to represent the bankruptcy estate with regard to several fraudulent transfer claims. Mr. Lyon has offered to work pursuant to a contingency fee arrangement and to forego out-of-pocket expenses until the conclusion of the action.

In its reply brief, the Trustee detailed the alleged fraudulent transfer claims that Mr. Lyon would file as follows:

1. Vista Bella's July, 2007 transfer of Vista Bella condominium unit PH-1, inclusive of boat slips and garages, to Robert and Susan Shallow in return for an alleged payment of $1,000,000 made personally to the insider of Vista Bella but which was not received and did not constitute consideration to Vista Bella;

2. Vista Bella's January 2009 forgiveness and release of the $350,000.00 vendor's lien retained on Unit PH-1 without payment of any consideration from the Shallows;

3. Vista Bella's approval of the May, 2009 transfer of a number of boat slips and garages from the Shallows, as constructive trustees and nominees for Vista Bella, to or for the benefit of RBL, LLC and/or its member Ronald H. Carr, without payment to Vista Bella or credit upon the mortgage debt; and

4. Vista Bella's January, 2011 written release of all known and unknown, past and future legal claims against the Shallows, RBL, and Carr without payment of any consideration to Vista Bella.

The fraudulent transfer actions arise out of a common factual basis—the transfer of Vista Bella condominium Unit PH-1 to Robert and Susan Shallow (collectively, the "Shallows"), RBL, LLC, and Ronald H. Carr. Mr. Lyon has represented, or continues to represent, creditors Bell and Lemoine in several state court matters that share some of the same factual bases: (1) RBL, L.L.C. v. Vista Bella, Inc., C. Thurmon Bell, The Lemoine Company of Alabama, L.L.C., et al., Circuit Court of Baldwin County, Alabama, CV-2009-900826 ("*RBL v. Bell*"), (2) C.

2

Thurmon Bell v. Robert W. Shallow, et al., Circuit Court of Baldwin County, Alabama, CV-2009-900861 ("*Bell v. Shallow*"), and (3) The Lemoine Company of Alabama, L.L.C. v. Robert Shallow, Circuit of Baldwin County, Alabama, CV-2011-901570, transferred from Circuit Court of Mobile County, Alabama, CV-2011-901072 ("*Lemoine v. Shallow*").

Mr. Lyon represented Bell in *RBL v. Bell*, an interpleader action that was dismissed without prejudice. While it was still pending, Bell filed counter-claims including one for "fraudulent conveyance." Vista Bella asserts that *RBL v. Bell* has been re-filed in state court after RBL received relief from the automatic stay in Bell's individual Chapter 11 case. It is unclear to the Court whether Mr. Lyon represents anyone in the new *RBL v. Bell* filing. *Bell v. Shallow* does not include a claim of fraudulent conveyance. Mr. Lyon withdrew from his representation of Bell in that case and Bell is currently represented by L. Daniel Mims. Vista Bella asserts that Mr. Lyon is being or has been deposed recently as a material witness in *Bell v. Shallow*. Mr. Lyon currently represents Lemoine in *Lemoine v. Shallow*. In that action, Lemoine asserted claims for promissory fraud, deceit, suppression, and breach of contract. Mr. Lyon has offered to withdraw from representation of Lemoine in *Lemoine v. Shallow* to avoid any conflict with his duties to the Trustee as specially appointed counsel.

Mr. Lyon, as attorney-in-fact to Bell, executed a release of Bell's lien on Vista Bella condominium Unit PH-1 on July 23, 2007. Mr. Lyon became attorney-in-fact for Bell by virtue of a Specific Durable Power of Attorney executed on June 14, 2007. The release occurred after Vista Bella transferred the deed to Unit PH-1, with boat slips and garages, to the Shallows. Vista Bella argues that Mr. Lyon would be a material witness in the fraudulent transfer actions based on this transaction. Vista Bella further argues that if either party calls Mr. Lyon to testify, Rule

3

Case 11-00149    Doc 131    Filed 05/29/12    Entered 05/29/12 17:21:44    Desc Main
Document      Page 3 of 11

3.7 of the Alabama Rules of Professional Conduct would require him to withdraw from representation of the Trustee.

After the release of Bell's lien, in 2008, Mr. Lyon and his law firm prepared documents related to the sale of Vista Bella condominium units for execution by the Shallows. His work was in part at Vista Bella's direction and helped to effectuate the closing and transfer of condominium units and limited common elements by Vista Bella to third party purchasers. Mr. Lyon described the scope of his work as a scrivener.

Mr. Lyon filed a verified statement in conjunction with the Trustee's motion to appoint special counsel in order to satisfy Bankruptcy Rule 2014. The statement was two pages long. The Court held a hearing on the motion to appoint on April 17, 2012. At the hearing, Vista Bella argued that Mr. Lyon's full interests were not disclosed in his verified statement and made reference to additional facts that it argued Mr. Lyon should have disclosed. The Court asked the parties to brief the issues in this case. After the hearing, Mr. Lyon filed an amended verified statement. This time, the verified statement was 145 pages long, including attachments. Without the attachments, Mr. Lyon's amended verified statement is nine pages long. It details Mr. Lyon's involvement in Vista Bella's pre-petition business and legal affairs. Vista Bella has moved to strike the amendment as untimely. Vista Bella asks the Court to disregard consideration of any statements made by Mr. Lyon that were not before the Court on the April 17, 2012 hearing.

Further, Vista Bella argues that Mr. Lyon's amended verified statement does not disclose a purchase agreement between Vista Bella and Bell regarding Vista Bella condominium Unit 1201. The unit was sold for $100. Vista Bella asserts that Mr. Lyon was present at the execution of the Unit 1201 deal. Vista Bella argues that this is another potential fraudulent transfer action where Mr. Lyon might be called as a material witness.

The Trustee argues that Vista Bella lacks standing to object to the Trustee's motion to appoint. Seemingly in response to that argument, on May 8, 2012, after the Court's hearing on the motion to appoint, three creditors of Vista Bella joined Vista Bella in opposing Mr. Lyon's appointment. Those creditors' claims in Vista Bella's case total $6,484. They adopted the arguments raised by Vista Bella. The Trustee filed a motion to strike the joinder as untimely. The Trustee further explained that the three creditors did not file proofs of claim before the bar date.

Vista Bella argues that the estate has potential claims against Mr. Lyon. Apparently, Mr. Lyon is listed as attorney of record for Vista Bella in a lawsuit filed by HLH Constructors, Inc. that led to a judgment against Vista Bella. No appeal of the judgment was undertaken. Vista Bella argues that additional facts might reveal potential claims against Mr. Lyon and that the Trustee has a duty to investigate those potential claims.

## LAW

The Trustee's request for relief is pursuant to 11 U.S.C. § 327. The motion is ambiguous as to which subsection of § 327 is applicable; however, subsequent filings by the Trustee have made clear that the Trustee invokes § 327(e). Due to the ambiguity, and without the benefit of the Trustee's reply, Vista Bella responded to the Trustee's motion pursuant to both § 327(a) and § 327(e). As it now appears clear to the Court that the Trustee is only proceeding pursuant to § 327(e), Vista Bella's arguments regarding § 327(a) will be disregarded. In making this determination, the Court is mindful that it is an open question whether Mr. Lyon would meet the disinterestedness requirement of § 327(a).

11 U.S.C. § 327(e) states the following:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in

> conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Four requirements are apparent from the language of § 327(e): (1) the attorney will be employed for a specific special purpose approved by the court; (2) the attorney previously represented Vista Bella; (3) the employment will be in the best interest of the estate; and (4) the attorney does not represent or hold any interest adverse to Vista Bella or to the estate concerning the matter at hand. *In re Abrass*, 250 B.R. 432, 435 (Bankr. M.D. Fla. 2000). All of the requirements are met in this case.

First, the Trustee seeks to appoint Mr. Lyon for a specific purpose. To be valid under § 327(e), the special purpose must be unrelated to the general reorganization of the debtor and must be explicitly described. *In re Congoleum*, 426 F.3d 675, 689 (3rd Cir. 2005). Here, the purpose of Vista Bella's appointment is limited to pursuing certain specific fraudulent transfers allegedly made by Vista Bella. In its reply the Trustee detailed four specific fraudulent transfer claims that would be handled by Mr. Lyon. This is a sufficiently narrow special purpose. The scope of Mr. Lyon's appointment will not exceed those claims without further leave from the Court.

Second, Mr. Lyon previously represented Vista Bella. Prior to the bankruptcy, in 2008, Mr. Lyon and his law firm drafted documents, including deeds, related to the sales of Vista Bella condominium units for execution by the Shallows. Mr. Lyon stated in his amended verified statement that he acted as a scrivener for Vista Bella. Further, Vista Bella presented evidence that Mr. Lyon is listed as counsel of record for Vista Bella in a lawsuit filed by HLH Constructors, Inc. While Vista Bella concedes limited knowledge regarding that lawsuit, it appears that Mr. Lyon represented Vista Bella in some capacity in that action. Vista Bella argues

6

that Mr. Lyon "has not represented Vista Bella in any material way in the past." Indeed, Mr. Lyon himself acknowledged that his role in representing Vista Bella was merely as scrivener. However, § 327(e) does not insert any requirement of materiality regarding previous representation and this Court has discovered no case law requiring such a showing. Section 327(e) merely requires that Mr. Lyon represented Vista Bella previously. The evidence shows that Mr. Lyon meets this requirement. In fact, there are some cases that do not require a professional person to even meet this test, arguing it is a drafting error. The Court does not need to go this far. Minimal involvement of Mr. Lyon for Vista Bella is sufficient.

Third, the employment of Mr. Lyon will be in the best interest of the estate. The fraudulent transfer actions could bring significant value into the estate. Mr. Lyon has extensive knowledge of the parties, facts, and circumstances that make up the fraudulent transfer actions. Presumably, Mr. Lyon's knowledge will result in a more efficient and cost-effective return for the estate versus hiring an attorney less familiar with the underlying facts and circumstances. *In re Cockings*, 195 B.R. 735, 737 (Bankr. E.D. Ark. 1996) (finding it in the best interest of the estate to hire "the attorney most familiar with the facts and law such that he can litigate the trustee's claims and defenses more expeditiously than any other attorney"). Moreover, Mr. Lyon has agreed to work on a contingency fee basis and to defer costs. The Trustee asserted that it would be difficult to find an attorney with Mr. Lyon's skill and expertise to work pursuant to those payment terms. Therefore, given the importance of the fraudulent transfer actions to the estate and Mr. Lyon's familiarity with those transactions, it is in the best interest of the estate to employ Mr. Lyon to represent the Trustee.

Fourth, and most significantly, Mr. Lyon does not represent or hold any interest adverse to Vista Bella or to the estate concerning the matter at hand. "To 'hold an interest adverse to the

estate' means: '(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.'" *In re M&M Marketing, L.L.C.*, 426 B.R. 796, 802-803 (B.A.P. 8th Cir. 2010) (quoting *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985)). It is noteworthy that the conflicts analysis should center only on the matter in which the attorney is appointed. *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993) ("[W]here the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself").

Applying the rule from *M&M Marketing*, the evidence does not show that Mr. Lyon represents an adverse interest which lessens the value of the bankruptcy estate or creates an actual or potential conflict. Vista Bella argues that Mr. Lyon's representation of Bell and Lemoine in *RBL v. Bell*, *Bell v. Shallow*, and *Lemoine v. Shallow* creates an adverse interest significant enough to disqualify Mr. Lyon from representation of the Trustee. Vista Bella insists that the three cases seek the same assets that Mr. Lyon would pursue in the fraudulent transfer actions and that his representation of creditors in the other cases would put him in a position to determine which party realizes those assets first—a race to the courthouse situation. However, the facts indicate that *RBL v. Bell* has been dismissed, Mr. Lyon does not represent Bell in *Bell v. Shallow* any longer, and Mr. Lyon offered to withdraw from *Lemoine v. Shallow*. The Court finds that any potential conflict created by Mr. Lyon's role in any of these cases would be cured by his withdrawal from representation of Lemoine in *Lemoine v. Shallow* and his assurance that he will have no further role in the other two cases while representing the Trustee. In fact, the

Trustee may seek a stay of those actions pending resolution of the Vista Bella claims which would supplant individual creditor action.

Vista Bella also argues that Mr. Lyon would necessarily be called as a material witness in the potential fraudulent transfer actions and that the Alabama Rules of Professional Conduct would require him to withdraw from representation pursuant to Rule 3.7. Rule 3.7 states the following:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness, unless precluded from doing so by Rule 1.7 or Rule 1.9.

The concern addressed by Rule 3.7 is that "[c]ombining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between lawyer and client." Official Comment to *Alabama Rules of Professional Conduct* 3.7 (as amended effective June 23, 2008). To preclude a lawyer's testimony in a trial in which he acts as an advocate, it must be shown that the lawyer is "likely to be a necessary witness." "A 'necessary witness' is one 'who has crucial information in his possession which must be divulged.' The necessity standard requires more than mere speculation that counsel will be required to testify." *Bradford v. State*, 734 So. 2d 364, 369 (Ala. Crim. App. 1999).

In this case, it is not clear that Mr. Lyon would be a necessary witness. Vista Bella argues that Mr. Lyon's involvement in the release of Bell's mortgage lien will be a material issue in the

9

Trustee's fraudulent transfer actions and that Mr. Lyon will be forced to testify as to the release. However, it appears uncontested that Mr. Lyon executed the release as attorney-in-fact for Bell. Further, he did so five days after the alleged fraudulent transfer action at issue. There is no evidence before the Court that the transfer of Unit PH-1 was contingent on the after-the-fact release of Bell's lien. Mr. Lyon's amended verified statement explains that Mr. Lyon first learned of the transfer of Unit PH-1 after the transfer of the real property had occurred. His testimony regarding the execution of the release would not speak to the issues material to the fraudulent transfer claims. Moreover, even if it were necessary for Mr. Lyon to testify, exceptions to the general bar in Rule 3.7 are built into the rule. Mr. Lyon could testify regarding uncontested matters if necessary. Further, he could testify if his disqualification would work a substantial hardship on the Trustee. No evidence has been presented that any party would be prejudiced if Mr. Lyon were forced to testify.

As to the Unit 1201 transaction, the Trustee has not requested to appoint Mr. Lyon to handle a fraudulent transfer action regarding that transaction. Therefore, it is not part of the special purpose in which the Trustee seeks appointment for Mr. Lyon and will not be considered by the Court. Further approval of the Court would be required to appoint Mr. Lyon to prosecute that action.

Further, the evidence does not demonstrate that Mr. Lyon has any particular bias against the estate by virtue of his representation of one of the petitioning creditors in this bankruptcy and the state court actions. Instead, his interests are aligned with the estate. As to this particular matter, Mr. Lyon has the financial incentive to secure the highest possible recovery so that he can be paid pursuant to his contingency fee agreement. Further, the creditors that Mr. Lyon previously represented would benefit from money coming into the estate so that their claims

might be paid. There is no conflict when the interests of the estate and the special counsel are parallel. *In re Convenant Financial Group of America, Inc.*, 243 B.R. 450, 458 n.11 (Bankr. N.D. Ala. 1999).

In sum, the four requirements of § 327(e) are met in this case and Mr. Lyon shall be appointed for the stated specific matter. Because the Court finds that the requirements are met, there is no need to address the Trustee's argument that Vista Bella lacks standing to object or whether the three additional objecting creditors may join Vista Bella in objecting. Moreover, Vista Bella's motion to strike the amended verified statement of Mr. Lyon is denied. The Court will not enter a ruling that has the potential to deter full disclosure, even if that disclosure is made through an amended statement following a court hearing bringing to light omitted disclosures.

IT IS ORDERED

1. The Trustee's motion for approval to employ professional person for special purpose is GRANTED pursuant to 11 U.S.C. § 327(e) and William M. Lyon, Jr. is authorized to pursue the four enumerated fraudulent transfer causes of action listed on page 2 of this Opinion and Order.

2. Vista Bella's motion to strike amended declaration in support of application to employ special counsel is DENIED.

3. The Trustee's motion to strike joinder of Cleve Landreth, James E. Bramblett, and Venture Pass, LLC is DENIED.

Dated:   May 29, 2012

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE